UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
JOSHUA KLAY HEITZMAN, *et al.*,        )
                                        )
                    Plaintiffs,         )    No. C07-444RSL
         v.                             )
                                        )    ORDER GRANTING
UNITED STATES OF AMERICA, *et al.*,    )    UNITED STATES'
                                        )    MOTION TO DISMISS
                    Defendants.         )
_____)

## I. INTRODUCTION

This matter comes before the Court on the United States of America's (the "United States") motion to dismiss this action with prejudice under Federal Rule of Civil Procedure 12 (Dkt. #9). Plaintiffs, appearing *pro se*, oppose the motion. For the reasons stated below, the Court grants the United States' motion to dismiss without prejudice.[1]

## II. DISCUSSION

**A.    Background**

Plaintiffs' claims arise, in part, from the Internal Revenue Service's ("IRS") disallowance of plaintiffs' claimed tax refunds in 2002 and 2003. The IRS imposed penalties based on plaintiffs' "frivolous returns for 2002 and 2003." See Dkt. #1 at ¶17. In 2006, plaintiffs were

---

[1] Although the United States requests that the Court dismiss plaintiffs' claims with prejudice, it has not shown a basis for doing so.

ORDER GRANTING
MOTION TO DISMISS

notified of the intent to levy their property to collect on the penalties and of plaintiffs' right to a hearing. Id. at ¶20. Plaintiffs requested a Collection Due Process ("CDP") hearing, which was conducted by correspondence. Id. On March 1, 2007, the IRS Appeals Office issued a determination sustaining the underlying decision. Id. at ¶¶20-21. The determination stated "[i]f you want to dispute this determination in court, you must file a petition with the United States Tax Court within 30 days from the date of this letter." Id. at ¶21. Instead of filing their petition with the Tax Court, however, plaintiffs filed their claims with this Court contending, *inter alia*, that they are entitled to a "refund of all overpayments of tax for 2002, 2003, 2004, and 2005 that have not been credited against a liability judged to exist by the court." See Dkt. #1 (Complaint) at 24.

**B.    Analysis**

**1.    Claims against the Department of the Treasury and Secretary of the Treasury**

As an initial matter, the United States argues that the other named defendants, the Secretary of the Treasury and the Department of the Treasury are not proper parties to this action. See Dkt. #9 at n.1. The United States contends and has provided authority to show that the Department of the Treasury is an agency of the United States and the Secretary of the Treasury is an employee of the United States sued here for actions taken in his official capacity. The Department of the Treasury is therefore protected by sovereign immunity and cannot be sued absent Congressional authorization, which has not occurred. Accordingly, the Department of the Treasury is not a proper party to this suit. See Castleberry v. Alcohol, Tobacco & Firearms Div. of Treasury Dep't, 530 F.2d 672, 673 n.3 (5th Cir. 1976). Similarly, the Secretary of the Treasury is protected by sovereign immunity and is not a proper party to this suit. See Gilbert v. DaGrossa, 756 F.2d 1455, 1458 (9th Cir. 1985) ("It has long been the rule that the bar of sovereign immunity cannot be avoided by naming officers and employees of the

United States as defendants."). The Court therefore dismisses plaintiffs' claims against the Department of the Treasury and the Secretary of the Treasury without prejudice.

### 2. Claims against the United States

#### a. Lack of jurisdiction

In their Complaint, plaintiffs state that "[w]e believe this court has jurisdiction under 28 U.S.C. §§ 1331, 1346(a)(1), 1361, 1367(a), and 2201(a), 5 U.S.C. §§ 552, 702-706, and 26 U.S.C. § 6330(d)(1)(B)." Dkt. #1 (Complaint) at 3. Plaintiffs, however, have failed to establish that the United States has waived its sovereign immunity or that jurisdiction is proper under these statutes. See Baker v. United States, 817 F.2d 560, 562 (9th Cir. 1987) (holding that plaintiffs have the burden of "showing an unequivocal waiver of [sovereign] immunity."); Hughes v. United States, 953 F.2d 531, 539 n.5 (9th Cir. 1992) ("A mere assertion that general jurisdictional statutes apply does not suffice to confer jurisdiction when, as in this case, the government did not waive its immunity.").

First, 28 U.S.C. §§ 1331, 1361, and 1367(a) do not contain waivers of sovereign immunity. See N. Side Lumber Co. v. Block, 753 F.2d 1482, 1484 n.3 (9th Cir. 1985) (§ 1331); Hou Hawaiians v. Cayetano, 183 F.3d 945, 947 (9th Cir. 1999) (§ 1361); United States v. Certain Land Situated in City of Detroit, 361 F.3d 305, 307 (6th Cir. 2004) (§ 1367(a)).

Second, although plaintiffs assert jurisdiction under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(a), which contains a limited waiver of sovereign immunity, plaintiffs have not satisfied the required jurisdictional prerequisites to bringing suit under the FTCA including the requirements that the taxpayer exhaust administrative remedies before filing suit, and that the tax be paid in full, including interest and penalties. See Latch v. United States, 842 F.2d 1031, 1033 (9th Cir. 1988) (stating that the tax must be paid in full); Magnone v. United States, 902 F.2d 192, 193 (2d Cir. 1990) (requiring payment of interest and penalties).

Third, 28 U.S.C. § 2201 and 26 U.S.C. § 7421 prohibit declaratory and injunctive relief against the collection of federal taxes. See Hughes, 953 F.2d at 536-37; Gattuso v. Pecorella,

ORDER GRANTING
MOTION TO DISMISS                                    -3-

733 F.2d 709, 709-10 (9th Cir. 1984).  Although plaintiffs' Complaint is not a model of clarity, it appears that the Complaint requests declaratory and injunctive relief and therefore the Court cannot exercise jurisdiction over the Complaint as drafted.  See Dkt. #1 at 18-24.

Fourth, plaintiffs' citation to the Freedom of Information Act ("FOIA") as a basis for jurisdiction in this matter also fails.  FOIA requires the requester to exhaust administrative remedies before filing suit.  See Taylor v. Appleton, 30 F.3d 1365, 1367-68 & n.3 (11th Cir. 1994).  In this case, the Court lacks jurisdiction under FOIA because plaintiffs have failed to allege a request, refusal, and exhaustion of administrative remedies.  See Gasparutti v. United States, 22 F. Supp. 2d 1114, 1116 (C.D. Cal. 1998) ("[T]he court concludes that it lacks subject matter jurisdiction over [plaintiff's] FOIA claims which request documents from IRS because he has failed to allege a request, refusal and exhaustion of his administrative remedies.").

Fifth, plaintiffs have not established the Court's jurisdiction under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 702-706, because "the law is well-established that the APA's waiver of sovereign immunity does not apply to suits for money damages."  Ross v. United States, 460 F. Supp. 2d 139, 149 (D.D.C. 2006); see Larsen v. United States Navy, 346 F. Supp. 2d 122, 128 (D.D.C. 2004) (explaining that 5 U.S.C. § 702 provides a waiver of sovereign immunity for an "action in a court of the United States seeking relief other than money damages.") (emphasis in original, citation omitted).  Additionally, plaintiffs cannot pursue a claim for declaratory or injunctive relief under the APA because "an action brought under the APA is barred if it concerns the assessment or collection of federal taxes."  Ross, 460 F. Supp. 2d at 149 (quoting McGuirl v. United States, 360 F. Supp. 2d 129, 132 (D.D.C. 2004); see Murphy v. IRS, 493 F.3d 170, 174 (D.C. Cir. 2007) ("Congress has preserved the immunity of the United States from declaratory and injunctive relief with respect to all tax controversies except those pertaining to the classification of organizations under § 501(c) of the IRC.").  Therefore, plaintiffs have failed to demonstrate that their claims fall within § 702 of the APA and accordingly the Court declines to retain jurisdiction over their claims under the APA.

ORDER GRANTING
MOTION TO DISMISS                                              -4-

Finally, the Court lacks jurisdiction under 26 U.S.C. § 6330(d)(1) as recently amended[2] because this section grants exclusive jurisdiction to the Tax Court for plaintiffs' challenge to the CDP determination.  See, e.g., Waterhouse v. United States, 2007 U.S. Dist. Lexis 62835, at *7-8 (E.D. Cal. Aug. 24, 2007) ("Based on the plain language of the statute [§ 6330(d)(1) as amended], the court concludes that it does not have subject matter jurisdiction over this action.  The removal of subdivision (d)(1)(B) from § 6330 [in 2006] divests district courts of jurisdiction to review CDP claims.  For this reason, the court GRANTS the motion to dismiss.").  In Hinck v. United States, 127 S. Ct. 2011 (2007), the Supreme Court held that similar language in 26 U.S.C. § 6404(h) vests exclusive subject matter jurisdiction with the Tax Court.  Id. at 2015-16.

For all of the foregoing reasons, the Court lacks subject matter jurisdiction over plaintiffs' claims.

### b.     Failure to state a claim

Plaintiffs claims also fail under Fed. R. Civ. P. 12(b)(6).  Plaintiffs' claims are based on the frivolous argument that, as defined by 26 U.S.C. § 3121, the State of Washington is not a "state" or part of the "United States," their employer Microsoft is not an "employer," working for Microsoft is not "employment," and that payments from Microsoft are not "wages."  See Response at ¶¶ 4(e)-(i).  This argument lacks legal merit.  See, e.g., Albers v. IRS, 1996 U.S. Dist. Lexis 3229, at *16 (D. Neb. 1996) (rejecting a similar claim that "Nebraska is not a State as that term is defined by 26 U.S.C. § 3121(e)(1)"); see also McLaughlin v. IRS, 832 F.2d 986, 986-87 (7th Cir. 1987) (per curium) ("Tax protesters, those who persist in pressing losing

---

[2]  26 U.S.C. § 6330(d)(1) was recently amended by the Pension Protection Act of 2006, Pub. L. No. 109-280, § 855, 120 Stat. 790, 1019, as enacted on August 17, 2006.  The statute as amended applies to all CDP determinations issued on or after October 17, 2006.  See id. at Pub. L. No. 109-280, § 855(b), 120 Stat. 780, 1019 ("The amendment made by this section shall apply to determinations made after the date which is 60 days after the date of the enactment of this Act."); see also Weber v. United States, 2007 U.S. Dist. Lexis 10426, at *3 (W.D. Wis. Feb. 12, 2007) ("The [Pension Protection] Act applies to all determinations made on or after October 17, 2006.").  This case is controlled by § 6330(d) as amended because the CDP determination was made on March 1, 2007.  See Dkt. #1 at ¶21.

arguments in an attempt to challenge the legitimacy of the federal income tax, are thorns in the side of the federal judiciary.").

### III. CONCLUSION

For all of the foregoing reasons, the Court GRANTS the "United States' Motion to Dismiss" (Dkt. #9) and dismisses plaintiffs' claims without prejudice. The Clerk of Court is directed to enter judgment accordingly.

DATED this 8th day of November, 2007.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge